CLD-315                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1890
_____

WILLIAM JAZZ MEEKINS,
Appellant

v.

DOC'S GRATERFORD, E.T.A.L.;
JOHN AND JANE DOE, Associates to Secretary of Corrections;
J. HAWK, Unit Manager; SUPERINTENDENT C. LINK;
J. WETZEL, Secretary Corrections; and Assoc; C/O CARTER, of 2-10- Shift;
HOLDING C/O CLARK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-00851)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 20, 2018
Before:  CHAGARES, GREENAWAY, JR. and FUENTES, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 20, 2018)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

William Meekins, a Pennsylvania state prisoner, appeals from the order of the United States District Court for the Eastern District of Pennsylvania dismissing his civil rights complaint for failure to state a claim. For the following reasons, we will summarily affirm.[1]

Meekins filed a complaint pursuant to 42 U.S.C. § 1983 against various officials and employees of the Pennsylvania Department of Corrections (DOC). He alleged that a power surge at SCI-Graterford destroyed his television, resulting in the "[i]ntentional loss and deprivation" of his property. He further maintained that his grievances, which sought reimbursement and replacement of the television, were wrongfully denied. Meekins sought over $100,000 in damages.

The District Court properly concluded that the complaint was subject to dismissal for failure to state a claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (complaint must allege specific plausible facts supporting claim and allowing inference that defendant is liable). To state a claim under § 1983, a plaintiff must allege that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42, 48 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Neither the negligent nor even the

---

[1] We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's sua sponte dismissal for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(ii). See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm if no substantial question is presented on appeal. 3d Cir. LAR 27.4 and I.O.P. 10.6.

unauthorized, intentional deprivation of property by a state employee gives rise to a due process violation if state law provides an adequate post-deprivation remedy.[2] Hudson v. Palmer, 468 U.S. 517, 533 (1984); Parratt, 451 U.S. 543-44. As the District Court properly concluded, Meekins had adequate post-deprivation remedies under Pennsylvania law in the form of the DOC's grievance procedures, see, e.g., Tillman v. Lebanon Cty. Correctional Facility, 221 F.3d 410, 422 (3d Cir. 2000), and state tort law, see 42 Pa. Cons. Stat. Ann. § 8522(b)(3). And Meekins' claim that his grievances were wrongfully denied amounts to a dissatisfaction with the outcome of the grievance process; it does not present the denial of a federal right. See Massey v. Helman, 259 F.3d 641, 647 (7th Cir. 2001) ("A state-created prison grievance procedure is simply a procedural right and does not confer any substantive right upon an inmate."); see also Woods v. City of Michigan City, Ind., 940 F.2d 275, 285 (7th Cir. 1991) ("Due process does not guarantee 'right' substantive outcomes or correct conclusions of law."). Finally, because Meekins' claims were legally flawed, amendment would have been futile and, as such, dismissal with prejudice was proper.

For the foregoing reasons, we conclude that this appeal presents no substantial question. See I.O.P. 10.6. Accordingly, we will summarily affirm the District Court's judgment.

---

[2] We agree with the District Court that Meekins' claims regarding the destruction of his property sounded in due process. Even had Meekin alleged that the defendants' actions violated his Eighth Amendment rights, as he does on appeal, his complaint would have fared no better. See Rahman X v. Morgan, 300 F.3d 970, 974 (8th Cir. 2002) (recognizing that the denial of access to television does not amount to cruel and unusual punishment).